# OFFICIAL SYLLABI
# Ohio Appeals

---

ANTENEN, Recr. v. STATE ex BREDWELL et.

Ohio Appeals, 1st Dist., Butler Co.

Shank & Shank, and Andrews, Andrews & Rogers, Hamilton, for Antenen.

H. S. Wonnell and Walton S. Bowers, Hamilton, for State ex.

**458. EMPLOYER'S LIABILITY—1002 Receivers—1104 Statutes—291 Constitutional Law.**

1. In action, by Industrial Commission, to recover, from employer not protected by compensation law, award paid to widow of deceased employe, employer may defend and raise question of employment and liability.

2. Such proceeding, under statute, is in nature of action to secure personal judgment, and cannot be brought against receiver for such employer.

3. Section 1465-74 GC., not constitutional.

HAMILTON, PJ.

1. Where employee of employer not protected by Workmen's Compensation Law is killed, and the Industrial Commission makes award to his widow and brings action under Sect. 1465-74 GC., for benefit of the widow against the employer to recover the compensation fixed, the employer may defend and raise questions of employment and liability.

2. Where employee of employer not protected by Workmen's Compensation Law was killed, and the Industrial Commission made award to his widow therefor, after appointment of a receiver, the Industrial Commission could not sue the receiver for benefit of the widow under Sect. 1465-74 GC., to recover compensation fixed, since proceeding under statute is in nature of action to secure personal judg-

ment, and that the award was not a liquidated claim, and under statute action must be against the employer.

3. Section 1465-74 GC., permitting imposition of penalty for failure of nonsubscribing employer to pay award of the Industrial Commission as compensation for death of an employee within 10 days, held unconstitutional. (Cushing and Buchwalter, JJ.; concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.